UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

| | |
|---|---|
| WITCHMONDE ISIDORE, and other similarly situated individuals, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) ) |
| COMPASS HEALTH, INC.; MEDZDIRECT, INC.; SCOTT SEGAL; and SEAN SEGAL, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff(s), WITCHMONDE ISIDORE ("Plaintiff") and other similarly situated individuals, sue the Defendants, COMPASS HEALTH, INC.; MEDZDIRECT, INC.; SCOTT SEGAL; and SEAN SEGAL (the "Defendants"), and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This is also an action for retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### VENUE & JOINT EMPLOYMENT

2. Plaintiff is a resident of Broward County, Florida. She is a covered employee for purposes of the Act.



www.saenzanderson.com

1

3. Defendant COMPASS HEALTH, INC ("Compass") is a Florida company, having its main place of business in Palm Beach County, Florida, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant MEDZDIRECT, INC ("Medz") is a Florida company, having its main place of business in Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

5. Defendants SCOTT SEGAL and SEAN SEGAL (collectively the "Individual Defendants") are, upon information and belief, residents of Miami-Dade County, Florida.

6. Individual Defendants own and operate Medz. Medz is a company that provides pharmacy services to Compass and the patients, doctors, medical staff, and pharmacies that work with Compass.

7. Compass and Medz (the "Corporate Defendants") share common management, centralized control of labor relations, and common offices and interrelated operations. Corporate Defendants supervise and control the work and the hours worked by employees who coordinate the delivery of pharmaceuticals and medication to patients of Compass. Corporate Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

8. Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of the Corporate Defendants. Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.



www.saenzanderson.com

9. Each Corporate Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

## COUNT I: WAGE AND HOUR VIOLATION BY THE CORPORATE DEFENDANTS (OVERTIME)

10. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-9 above as if set out in full herein.

11. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

12. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.



www.saenzanderson.com

13. Upon information and belief, the annual gross revenue of each of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum.

14. In the alternative, the combined gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

15. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies.

16. Compass is a mental health treatment organization with clinics in Florida, Colorado and South Carolina. Medz directly assist in the coordinating and delivery of medication and pharmaceuticals to Compass' patients and related pharmacies.

17. Through their business activities, Corporate Defendants affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a customer service representative, medication sender, in charge of sending patients' medications to pharmacies who do business with the Corporate Defendants.

18. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 60 to 70 or 80 hours per week.



19. Plaintiff worked for the Corporate Defendants from approximately April of 2020, through July 13, 2022. At all times, Plaintiff began her workday at or around 8:30 AM, and ended at or around 1:00 AM the following day. Plaintiff worked Monday through Friday, each week.

20. Subject to discovery, Corporate Defendants properly paid Plaintiff up until February or March of 2022.

21. However, beginning in on or about February or March of 2022, Corporate Defendants, through their supervisors, Ashley Deanne, and Marilyn Celestine, specifically told Plaintiff that she needed to clock out at 9:00 p.m. every day even though Corporate Defendants knew Plaintiff routinely worked past 9:00 p.m.

22. If Plaintiff worked after 9:00 p.m., Corporate Defendants shaved her hours and manipulated her time records to show that she only worked until 9:00 p.m. or until around 9:00 p.m. Alternatively, Corporate Defendants clocked Plaintiff out at around 9:00 p.m. so that her time records did not show she worked past 9:00 p.m.

23. Plaintiff complained multiple times that it was not fair for her to work overtime and not get paid for all hours worked. In response, Ashley Deanne, and Marilyn Celestine, warned Plaintiff that if she kept complaining or recorded her hours after 9:00 p.m., the Individual Defendants would fire her.

24. Subject to discovery, Corporate Defendants owe Plaintiff approximately 20 hours of unpaid overtime. Plaintiff was offered the sum of $19 per hour for her first 3 months of employment. Then, she was promised a raise to $21 per hour. Corporate Defendants breached their promise and only paid Plaintiff at $19 per hour after the first three months and during the remainder of her employment. A separate count for breach of contract will follow.



25. Plaintiff was employed as a customer service representative in charge of sending patients' medications to pharmacies performing the same or similar duties as that of those other similarly situated customer service workers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

26. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of his/her unpaid overtime wages is as follows:

   a. **Actual Damages: $11,970.00**

      i. Calculation: $21 (hourly pay) x 1.5 (overtime rate) x 20 (approximate number of overtime hours) x 19 (compensable weeks) = $11,970.00

   b. **Liquidated Damages: $11,970.00**

   c. **Total Damages: $23,940.00** plus reasonable attorneys' fees and costs of suit.

27. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.



28.     The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

29.     Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

30.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: WAGE AND HOUR VIOLATION BY



www.saenzanderson.com

7

**INDIVIDUAL DEFENDANTS (OVERTIME)**

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. At the times mentioned, the Individual Defendants were, and are now, owners/supervisors/managers of Medz. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these Individual Defendants acted directly or indirectly in the interests of Medz in relation to the employees of Medz, including Plaintiff and others similarly situated.

33. The Individual Defendants had operational control of Medz, were involved in the day-to-day functions of the Medz, provided Plaintiff with her work schedule, and are jointly liable for Plaintiff's damages.

34. The Individual Defendants were the persons in charge of deciding Plaintiff's termination after she made complaints about not getting paid for work the Corporate Defendants made her do "off the clock."

35. Individual Defendants were the ones who decided what pay to offer Plaintiff when they hired her ($19 per hour for the first 3 months, then $21 per hour) and presumably they were also the ones who decided to pay Plaintiff only $19 per hour throughout her employment, despite the offer.

36. The Individual Defendants are and were at all times relevant, persons in control of Medz's financial affairs and can cause the Medz to compensate (or not to compensate) its employees in accordance with the Act.



www.saenzanderson.com

8

37. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT III: RETALIATION – FLSA

39. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 38 above as if set out in full herein.

40. The Plaintiff is a covered employee for purposes of the Act.

41. The Corporate Defendants willfully and intentionally refused to pay the Plaintiff all of her legally owed overtime wages as required by the laws of the United States and remain owing the Plaintiff these wages as set forth above.



42. Section 206(a)(3) of the Act states that it shall be unlawful for any person "to discharge *or in any manner discriminate* against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

43. The Plaintiff complained about her unpaid wages to the Corporate Defendants.

44. In response, Corporate Defendants threatened Plaintiff that she will be fired if she did not do as told. Specifically, Ashley Deanne, and Marilyn Celestine, Plaintiff's supervisors, warned Plaintiff that if she kept complaining about unpaid overtime, or recorded her hours after 9:00 p.m., the Individual Defendants would fire her.

45. Plaintiff proceeded to work "off-the-clock" as instructed by her supervisors. This resulted in Plaintiff not receiving full compensation for all hours worked.

46. On or about July 13, 2022, Plaintiff was terminated.

47. The motivating factor, which caused Corporate Defendants to threaten Plaintiff's discharge and her resulting lost wages, was Plaintiff's complaint seeking the payment of overtime wages from the Corporate Defendants. In other words, the Plaintiff would not have been threatened and underpaid but for her complaint about unpaid overtime wages.

48. The Corporate Defendants' threat of termination and the resulting underpayment of Plaintiff are in direct violation of 29 U.S.C. § 215(a)(3). Plaintiff has been damaged.

49. Should discovery reveal that Plaintiff was terminated for her complaints about unpaid overtime wages, Plaintiff will seek leave to amend this complaint to include one count for wrongful discharge.



www.saenzanderson.com

50. Should discovery reveal that one or more of the Individual Defendants was involved in the decision to terminate Plaintiff, Plaintiff will seek leave to amend this count to include a petition for relief against him/them in their individual capacity.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter a judgment against the Corporate Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

b. Order reinstatement and promotion and injunctive relief prohibiting the Corporate Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

### COUNT IV: BREACH OF CONTRACT

51. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-38 above as if set out in full herein.

52. At all times material hereto, Plaintiff was an employee of the Corporate Defendants.

53. Plaintiff was employed by the Corporate Defendants as a medication sender, working as a customer service representative.

54. Plaintiff worked as a customer service representative, medication sender, for the Corporate Defendants from approximately April of 2020, through July 13, 2022.

55. Plaintiff and the Corporate Defendants entered into a verbal agreement in which Corporate Defendants agreed to pay Plaintiff $19 per hour for the first 3 months, then $21 per hour.

56. Plaintiff fulfilled his end of the verbal agreement.



www.saenzanderson.com

11

57. Corporate Defendants breached the agreement by failing to pay Plaintiff $21 per hour after the first 3 months of employment.

58. Corporate Defendants breached the agreement by failing to pay Plaintiff any wages for at least three hundred and eighty (380) hours of work.

59. As a result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against the Corporate Defendants for the following:

a. Unpaid wages found to be due and owing;

b. Prejudgment interest;

c. Award of reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

d. Such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: August 24, 2022.

Respectfully submitted,

By**: /s/ Tanesha W. Blye**
Tanesha Walls Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*



www.saenzanderson.com

12